UNITED STATES DIDTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2022 MAY 27 P 1:08

| | | |
|---|---|---|
| REV. ERROL VICTOR SR. L.S. | * | CIVIL ACTION NO: |
| PLAINTIFF | * | |
| | * | **22-1539** |
| VERSUS | * | |
| | * | |
| STATE OF LOUISIANA, | * | SECTION MAGISTRATE |
| ATTY JUDIE COULLEN, | * | SECT.   MAG. |
| ATTY JEFF LANDRY, | * | |
| SHERIFF MIKE TREGRE, | * | **SECT. T MAG. 5** |
| | * | |
| | * | |
| | * | |
| DEFENDANTS | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Fee $402.00
Process
X Dktd
___CtRmDep
___Doc.No.

COMPLAINT

JURISDICTION
1. EASTERN DISTRICT OF LOUISIANA

PARTIES
2. PETITIONER, REV. ERROL VICTOR SR. is a citizen of the United States and is incarcerated in the custody of the Orleans Parish Prison, within the jurisdiction of the District Court for the Eastern District of Louisiana who owns business and personal property that exceeds $12,000,000.00 and the business has economic life estimated at $500,000,000.00 over fifty-year period
3. Defendant, Attorney Judie Coullen in her individual capacity and official capacity as Assistant District Attorney of St. John The Baptist, who violated plaintiffs due process, malfeasance, malicious prosecution, Obstruction of justice, procedural due process, civil rights, and equal protection of the law by being plain biased, prejudice, predisposed, and unfair. In addition to that, defendant conspired with other defendants to deprive plaintiff of property, assets, and business assets without equal protection of the law in violation of the law and defendant did this under the color of the law.
4. Defendant, Attorney Jeff Landry in his individual capacity and official capacity as Attorney General for the State of Louisiana, who violated plaintiffs due process, malfeasance, malicious prosecution, Obstruction of justice, procedural due process, civil rights, and equal protection of the law by being plain biased, prejudice, predisposed, and unfair. In addition to that, defendant conspired with other defendants to deprive plaintiff of property, assets, and business assets without equal protection of the law in violation of the law and defendant did this under the color of the law.
5. Defendant Mike Tregre in his individual capacity and official capacity as Sheriff of St. John The Baptist, who violated plaintiffs due process, malfeasance, malicious prosecution, Obstruction of justice, procedural due process, civil rights, and equal protection of the law by being plain biased,

6. prejudice, predisposed, and unfair. In addition to that, defendant conspired with other defendants to deprive plaintiff of property, assets, and business assets without equal protection of the law in violation of the law and defendant did this under the color of the law. Plus, defendant has forcefully disregarded court orders by moving Plaintiff to over 12 different prisons in Louisiana and Mississippi thus violating Plaintiff civil rights by refusing to produce Plaintiff before the courts by ignoring various Writs of Habeas Corpus.

## COMPLAINT

7. A statement of claim:

COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND FOR PLELIMINARY INJUNCTION

1. This is a pleading for a permanent injunction and temporary restraining order enjoining the defendant (s) and each of them, their agents, employees from continuing their policy, custom and usage of violating plaintiff's constitutional rights, particularly, constitutional rights under the 4th Amendment, 5th Amendment, 6th Amendment, 7th Amendment, 8th Amendment, 9th amendment, 13th Amendment, and the 14th Amendment of the United States Constitution.

Petitioner also asserts that defendant (s) are violating the United States Civil Rights Act; 42 U.S.C. 1983, Section 1985, and Section 1986, 18 U.S.C., Section 241 and Section 242.

Petitioner seeks redress for discrimination on account suffered by Petitioner and Petitioner in violation of the Constitution and Laws of the United State of American.

Petitioner alleges that rights of the constitutional procedural due process and due process that afforded Petitioner and Petitioners by law have been and are being infringed upon; rights to equal protection to the right to have an unanimous

jury has been violated, 4th Amendment rights against illegal seizure, 5th Amendment prohibition against double Jeopardy, 6th Amendment right to a speedy trial have been violated while Defendant (s) are continuing to hold/ detain Petitioner (s) hostage under the color of the law in their official and individual capacity attempting to reinstitute prosecution while prohibited by Federal Constitution and barred from doing so, exceeding the limits of authority in violation of Federal protective Constitutional immunities, civil and human rights.

2. This is also a complaint for damages (Federal questioned jurisdiction and Controversy is over $1,000,000,000 dollars) and a proceeding for a declaratory judgement pursuant to the provision of Title 28, United States Code, Section 2201 and 2202, for the purpose of determining the following questions in actual controversy between the parties.

This Honorable Federal District Court should carefully review this Petition of which Petitioner (contends) supports the allegations contained herein and subsequent to such an examination find just cause to grant.

Specifically, the principal of strict scrutiny should be applied as Petitioner (s), Rev. Errol Victor Sr., et al are African Americans of suspect classified citizens who have historically been proven to be powerless in a majoritarian process, the court should at least require an evidentiary hearing wherein Petitioner(s) may submit evidence of the veracity of Petitioner's request.

A. Whether defendant(s) violated Petitioner(s) right to a trial by an impartial jury pursuant to the sixth (6th) Amendment of The United State Constitution and denied Petitioner(s) Equal Protection of the Law as incorporated against the States under the Fourteenth (14th) Amendment of the United States Constitution.

B. Whether defendant(s) violated Petitioner(s) right to be protected from improper seizure of person and involuntary servitude prohibition protection pursuant to the Fourth (4th) Amendment and the Thirteenth (13th) Amendment by restraining Petitioner/ Petitioner(s) powerless in their custody captive while forcing hard labor upon him/them, without a valid conviction denying Petitioner/ Petitioner(s) procedure of due process and Equal Protection of the Law afforded Petitioner/ Petitioner(s) pursuant to the Fourteenth (14th) Amendment of the Unites States Constitution without just compensation. Even refusing to grant bail bond to Petitioner.

C. Whether Defendant(s) violating Petitioner(s) procedural due process, due process and Equal Protection in violating Petitioner Civil Rights pursuant to 42 United States Constitution Section 1983, for subjecting and causing Petitioner/Petitioner(s) irrefutable deprivation of his/their rights, privileges and immunities secured by the Constitution and Laws of the United States of America, including the Civil Rights Act of 1964, barring discrimination based on race, color, religion, sex, or national origin by Federal or State Government to prevent the abuse of Government powers, pursuant to 42 United States Constitution Section 1985, 1986, and U.S.C. Section 241 and 242.

D. Whether Defendant(s) violated Petitioner(s) procedural due process, due process under the (4th) Fourth, (5th) Fifth, (6th) Sixth, (8) Eight, (9th) Ninth, (13) Thirteenth and (14) Fourteenth Amendments of the United States Constitution and the Laws and Statutes of the State of Louisiana by purposefully manufacturing wrongful convictions, attempting to manufacture wrongful convictions by methods of malicious prosecution by creating scheme to;

  1. Punish African American Louisiana, males in particular predicated on non-unanimous jury verdict unconstitutional convictions for serious crimes as is historically documented and according to the Chairman of Louisiana's Convention "to establish the Supremacy of the White Race" to undermine African American Louisianans Civil Rights, due process and Equal Protection Rights and privileges and immunities afforded them by the United States Constitution without fear of reprisal, as in this case sub judice suffered by your African American male Petitioner herein, Rev Errol Victor Sr.
  2. Abuse of process by method of improper procedural application of Law, manifest error of Law, and misrepresentation of what the certified record connotes arbitrarily administration of acts discriminatively applied prejudicial to Petitioner(s) and contrary to protective Federal Constitution protective rights, done in official under the color of law.
  3. Maximizing unlawful detainment causing vexation litigation and repeated habeas(s)
  4. Unreasonably excessive bonds denying Pre-trial liberty eroding Petitioner/Petitioner(s) presumptions of innocence Pre-trial Privileges

including reputation and economic stability.
5. Human trafficking Petitioner(s) across state lines and jurisdiction in violations of and contrary to Federal Constitutional protection and civil rights reenacting the fugitive slave act in practice prohibited.
6. Alienating the affection between husband and wife, children, and parents causing forced separation, mental fatigue and anguish, psychological torment and tyranny, various chilling effects, emotional instability, loss of income/ financial strain, loss of property and loss of business assets, loss of consortiumship and conjugal rights for years without due process, without equal protection of the Law guaranteed by the Federal Constitution of the United State Of America, without the State of Louisiana obtaining a valid lawful Constitution conviction.

### 3. PARTIES

PETITIONER, ERROL VICTOR SR., Living Soul, is a citizen of the United States of America and is presently held illegally in custody of the St. Charles Parish Nelson Coleman Correctional Center within the jurisdiction of the eastern District Court of the United States of the State of Louisiana, who owned business and personal property that exceeded Twelve Million ($12,000,000.00) DOLLARS, over a fifty-year period.

Defendant(s), STATE OF LOUISIANA, its agents, entities, and employees in their individual and official capacity, who were and are at all times responsible for all acts in the violation of Petitioner's Federal protective Constitutional Rights, Civil Rights and Human Rights.

ALL PARTIES INDISPENSABLE INCLUDED PLUS THE ABOVE MENTIONED PARTIES

### 4.NATURE Of ACTION

This complaint for damages, reparation and relief is brought by the Petitioner(s) under the United States Constitution, the Constitution of the State of

Louisiana because the defendant has violated Plaintiff/Petitioner(s) due process, procedural process, equal protection and civil rights protection of the law. The defendant(s) have created a scheme and conspiracy to take Plaintiff's life, liberty and pursuit of happiness, plaintiff's property and have taken plaintiff's business with an economic life projected at more or equal to $500 Hundred million ($500,000,000.00) DOLLARS without due process, procedural due process or equal protection of the law. Petitioner seek general and special damages compensatory and punitive damages, reparation and injunctive relief against defendant(s).

## 5. JURISDICTION AND VENUS

Jurisdiction of this court is pursuant to 28 U.S.C. Section 1343, 28 U.S.C Section 1331, 42 U.S.C. Section 1983 et seq. for violation of Right to Privacy, and the Fourth, Fifth, Sixth, Eight, Thirteen, and Fourteenth Amendments to the United States Constitution. These violations were and are being committed within the Eastern District of the State of Louisiana. Plaintiff/ Petitioner Rev. Errol Victor Sr. is incarcerated illegally in the Eastern District. See, Habeas filed 28 U.S.C. Section 2241 Pre-trial detained.

## 6. ALLEGATION TO SUPPORT ACTION

1. Plaintiff/Petitioner alleges that the State of Louisiana colluded and conspired to deprive Petitioner and Petitioners who are African American Heritage (the descendants of former slaves constitutional due process of the law and specific civil rights stated in terms of racial equality, and rights denied which Petitioner/ Petitioners cannot enforce in the Courts of Louisiana has demonstrate and continues to demonstrate a complete disregard for the Statutory and Constitutional rights of African Americans within its jurisdiction and in particular in Petitioner's case.
2. Respondent has demonstrated that in pursuit of African Americans (males in particular), that the State of Louisiana will close the legal due process and equal protection of the law immunities requirement of both Louisiana and the United State Constitutions.
3. Petitioner, the Rev. Errol Victor Sr. L.S. was indicted in a 3rd superseding indictment. Petitioner is African American. The instant superseding

indictment was obtained following the District Court's termination of a second flawed superseding indictment obtained in violation of Louisiana and the United States Constitution.
4. Louisiana filed the third flawed instant indictment consistent with a process employed obtaining indictment and / or bill of information against African American in violation of mandate for empaneling, appointing, or otherwise consisting of a grand jury and reinstitution of prosecution and allotment of cases under the law. A careful examination of the race practice reveals that African American Citizens are indicted/ reindicted and / or charged by bill of information a disproportionate greater percentage of time, as opposed to Caucasian American arrested for the same or similar offenses that are more likely to be prosecuted and convicted in a court of law in the State of Louisiana.
5. Petitioner avers and show that the State of Louisiana in pursuit of African Americans rarely (if at all) apply to force and assets of their office to pursue Anglo Americans/White Americans with the same vigor that the State of Louisiana pursues African American defendant. In this case, Rev. Errol Victor Sr., and wife Tonya O. Victor, both African American parents, have been indicted three (3) times for the same offense which has been twice (2) times acquitted by operation of the law with previous indictments dismissed concluding in a Judicial Quash. Both Rev. Victor and wife were forced, contrary to their Federal Speedy Trial and Double Jeopardy protections of the U.S.C., to represent themselves; [Pro-SE] at a Capital Trial, facing life without and benefit of parole or probation, with no legal experience.
6. Incredibly, Miraculously, Petitioner still managed to achieve a 10-2 jury verdict. A non-unanimous jury verdict and thereafter unconstitutionally convicted.
7. Petitioner avers that the non-unanimous jury scheme in Louisiana codified at Article 1, Section 17 of the Louisiana Constitution and Code of Criminal Procedure Article 782 as was written and enforced by the State of Louisiana prior to Louisiana's November 06, 2018 election and amend constitution violated specific civil rights, 42 U.S.C. Section 1983 of Petitioner/ Petitioner(s) and specific Federal rights, namely the Fourteenth Amendment's Equal Protection Clause and Constitutional Immunities.

8. Petitioner may produce on the hearing on the merits evidence to support his contentions that, African Americans are treated differently due to their race in the State of Louisiana dating back to decades where these tactics are contrary to the laws of the United States and of which embraces Jim Crow and other racial practices. Such tactics are meted out to African Americans defendants as a matter of course in the State of Louisiana. This Honorable, Federal District Court for the Eastern District of Louisiana should exercise authority pursuant to 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, 42 U.S.C. 1983, 1985, 1986, for violations of statutory rights incorporated by the fourteenth Amendment of the united States Constitution against the States, and for the violations of the Fourth (4th), Fifth (5th), Sixth (6), Eight (8th), Ninth (9), Thirteen (13), Fourteenth (14), Amendment of the United States Constitution that are being committed within the Eastern District of Louisiana, assume jurisdiction in this matter and protect petitioner/ petitioners as a class of citizens (African Americans) from the intentional, careless, and reckless non-conformity with jurisprudence and laws, civil rights, and the constitution of the United States, Petitioner reserves the right to enroll attorney in this matter.
9. Petitioner is was held captive and falsely incarcerated in the Nelson Coleman Correction Center (7) months after the United States Supreme Court granted his writ in Petitioner's case (See, Victor v. Louisiana. 19-5989___U.S. 2020, April 27th 2020) and vacated his conviction and sentence, without a conviction, without sentence, without reinstatement or reinstitution of prosecution, without bond and arguably without Louisiana procedurally able to prosecute due to Speedy Rights long since violated as well as double jeopardy prohibitions, Petitioner is unlawfully, in violation of Federal Protective Constitution Rights, is being, at all times of this writing illegal unconstitutional forcefully detained by the State and State Actors without fear of reprisal. Petitioner, Rev. Errol Victor Sr. L.S. moves for the protection of his Federal Constitution rights to be immediately released, (See Habeas Filed in this honorable court, Victor v. Robinson, Nov. 2020) and a Temporary Restraining Order Expeditiously.
10. The State of Louisiana consistently use the law arbitrarily and selectively with African Americans defendants. Petitioner alleges that Louisiana's long history of racism, discrimination and partial treatment of African Americans in its court system requires a minimum inquiry as to whether

this case involving a 10-2 jury verdict, several civil rights violations, continual tort actions, speedy trial rights violation, double jeopardy violations, malicious prosecution, attempted malicious prosecution, crimes in official capacity, misprision of felony by officers of the court and employees of the State in violation of oath in office, malfeasance, theft of public funds, as to whether this case (among other) should be granted a permanent injunction and temporary restraining order enjoining the defendant for violating Petitioner's Civil Rights and Federal protections.

## CAUSE OF ACTION

United States Supreme Court of America

### ON REMAND

Victor v. Louisiana, 19-5989 (4/27/2020), 590 U.S. 2020

11. Holding: The Supreme Court Justice Gorsuch, held the Sixth Amendment right to jury trial, as incorporated against the states by way of the Fourteenth Amendment, requires an unanimous verdict to convict a defendant of a serious offense, abrogating Apodaca v. Oregon, 406 U.S. 404, 92 S. Ct. 1628, 32 L. Ed. 2d. 152, and on April 27, 2020 thereby Vacated petitioner herein, Rev. Errol Victor Sr.'s conviction and sentence and Remand to inferior courts in light of this Ratio Decidendi, in Petitioner's case by an eight to one vote.
12. In 48 States and Federal courts, a single juror's verdict to acquit is enough to pervert a conviction, but Louisiana has long punished people based on 10-2 verdicts. In this case, Rev Errol Victor Sr. was convicted of a serious crime in Louisiana Court by a 10-2 jury verdict. Instead of a mistrial that he would have received almost anywhere in the country, Rev. Errol Victor was sentenced to life without parole. The United States Supreme Court Ruled his conviction by a non- unanimous jury was an unconstitutional denial OF THE Sixth Amendment Right to a jury trial and held his judgment of conviction is to be VACATED (SEE, Exhibit "A") Writ of Coram Nobis Exhibit attached.

13. Plaintiff states that said scheme to deny plaintiff (s) right to jury trial and unanimous verdict to convict is in violation of 42 U.S.C. section 1983, 1985, and 1986, and 18 U.S.C. Section 241 and 242.

> 42 U.S.C. Section 1983 provides that:
>
> Every person who, under the color of any Statue, ordinance, regulation, custom, or usage, of any State or Territory or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any right, privileges or immunities secured by the constitution and law, suit in equity, or other proper proceeding for redress, shall be liable to the party injured in an action of law.

As a result of the aforementioned violation of Plaintiff's Statutory Rights as incorporated by the 14th Amendment of the Federal Constitution, defendant continuously violated Plaintiff's 4th Amendment, 5th Amendment, 6th Amendment, 8th Amendment, 9th amendment, and 13th Amendment without any fear of reprisal all incorporated against the states by the 14th Amendment of the U.S.C. See, Ramos v. Louisiana Opinion pg. (3 of 11) last paragraph, (4 of 11) First two First paragraph attached as Exhibit "(B)", Petitioner provide for supplement to petition "Written Reason for Judgement" by the Honorable Stephen B. Beasley, 11th JDC, Sabine Parish, Louisiana, State of Louisiana versus Melvin Cartez Maxie, Docket No. 13-CR-72522 for clarity in support of Petition.

> 42 U.S.C. 1985 provides that:
>
> (2) Obstructing justice; intimidating party, witness, or juror. If two or more person in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court or from testifying to any matter pending therein, freely fully. And truthfully, or to injury such party or witness in his person or property...or if two or more people conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of

10 of 17

the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, to equal protection of the law;

(3) Depriving person of rights or privileges. If two or more persons in any State or Territory conspire, or go in disguise on the highway or on the premise of another, for the purpose of depriving, either directly or indirectly, any person of class of person of equal protection of the laws, or of equal privileges of a citizen of the United States, the party so injured or deprived may have an action for recovery of damages, occasioned by such injury or deprivation, against any one of the conspirators.

42 U.S.C. Section 1986 provides that:

Every person who, having knowledge that any of the wrong conspired to be done, and mentioned in the preceding section 1985, are about to commit, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representative, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case;

(4). U.S.C. Section 241 provides that:
If two or more person conspire to injure, oppress, threaten, intimidate any inhabitant of any State or Territory, District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or law of the United States, or because of his having so exercise the same; or if two or more persons go in disguise on the highway or on premise of another, with intent or hinder his free exercise or enjoyment of any rights or privileges so secured- They shall be fined no more than $10,000.00 or imprisoned not more than ten years, or both, and if death results, they shall be subjected to imprisonment for any term of years or for life.

18 U.S.C. Section 242 provides that:

Whoever, under the color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured by the laws of the United States shall be fined under this title or imprisoned not more than one year, or both; if bodily injury results from the act committed in violation of this section or if such acts include the use, attempted use or threatened use of a dangerous weapon, shall be fined under this title or imprisoned not more than ten years, or both;...

## **CAUSE OF ACTION 2**

### VIOLATION OF 5TH AMENDMENT, 14TH AMENDMENT, AND DOUBLE JEOPARDY

Plaintiff submits for argument "Writ of Coram Nobis/ Vobis, Writ of Error, NUNC PRO TUNC in the violation of THE DOUBLE JEOPARDY DOCTRINE OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION INCORPORATED TO THE STATES by the Fourteenth (14th) Amendment as submitted to the 40th JDC, Writ (22) pages, Exhibits 13-40, with Judgment/ order conceding that the original allotted case 2008-CR-165 ended with a motion to Quash Granted By the trial Judge, never appealed, a Judicial Acquittal by operation of law due to an improper procedural of the same case/ cause issue in another allotted division of Court against the Standing Rules of the Court and Federal Constitutional Prohibition both the Fifth Amendment and the 14th Amendment, U.S.C. Double Jeopardy and Equal Protection violations, 6th Amendment, Speedy Trial Rights were violated by operation of the law, and the functionally equivalent to an Implied Consent to an Acquittal.

Plaintiff for argument submits "Plea In Bar" Dismissal Pursuant to La. Cr.C.P. 532 (F) in violation of Sixth Amendment of the United States Constitution speedy trial rights incorporated against the State by the 14th Amendment U.S.C. as well as due process and equal protection immunities and privileges afforded to Louisiana pursuant to the Louisiana Constitution, Art 1, Sec. 16, 2, 3, and 22; as attachment to this pleading submitted to the 40th JDC a total of 29 pages with exhibits.

## CAUSE OF ACTION 4

"WRIT OF PROHIBITATION, CEASE AND DESIST"
Stow v. Murashige, 389 F. 3d 880 (9th Cir 2004)
Burk v. U.S., 437 U.S. 1, 98 SCT.2141, 5 F L. Ed (1978)

The 40th JDC proceedings on remand after the vacate of conviction and sentence, denial of Faretta rights for over 15 months (Faretta v. California, 422 U.S. 806 (1975), arguable 19 months ( See Exhibits attach with original Writ, "Motion to Proceed Pro-Se dated August 5, 2020, Faretta hearing was not held until November 15, 2021 in violation of the 6th Amendment U.S.C. Speedy Trial Rights irreparably denial of contradictory hearing of recusal of Judges pursuant to La. C.Cr.P. Art 675 A, B, and D; 676 (A), the violation of procedural due process pursuant to La. C.Cr.P. art 511, 673, 671, 677, 678, and false imprisonment is in violation of double punishment, in the refusal of pre-trial liberty for over 2 years without bond contrary to the 5th Amendment and 4th and 14th Amendments of the U.S.C. Non- Judice.

In Criminal procedure prosecution litigation, the issue preclusion principal means that "Once or when an issue of ultimate fact on the merits (a fortiori, evidence presented to a jury at trial) has been once determined by a valid and final judgement, that issue **cannot** be re-litigated between the same parties in any future proceedings (See, Ashe v. Swenson, 397 U.S. 436, 443, 90 S. Ct 1189; **Bravo-Fernandez v. United States,** 137 S. CT. 352, 196 L. Ed. 2d 242 (2016). The doctrine of claim proclusion instructs that the final Judgment on the merits "Foreclose (s)" successive litigation of the very same claim. (See New Hampshire v. Maine, 532 U.S. 742, 748, 1215 Ct.1808, 149 L. Ed 968 (2001).

Realtor, Rev. Errol Victor, Sr. "finality" on Direct Appeal issued by Judgment and Mandate by the Highest Court in the land, The United States Supreme Court states to vacate both the conviction and sentence. A reversal based on insufficiency of evidence and determines that the prosecution has failed to prove "guilt beyond a reasonable doubt." A reversal based upon insufficiency of evidence distinguished from a reversal for trial error.

Further, the unconstitutional non- unanimous verdict conviction by the State of Louisiana was admitted by the Court and universally agreed to be the result of purposeful "Governmental Oppression" underscore in the statement by the Chairman of the LOUISIANA Legislator, in their own words, "To establish the

13 of 17

Supremacy of the White race" of which the courts agree, Double Jeopardy is purposed to protect and prevent Government Oppression, repeated prosecution and risk of conviction due to bad- faith under the color of the law of which no individual citizen can endure. The non- unanimous jury verdict unconstitutional convictions as in this case subjudice on remand is not a reversal based upon trial error, but "legal fiction" practice unlawfully by the State of Louisiana for over 122 years inflicting unthinkable irreparable harm to a suspect classified Louisianian's Citizenship, of African Americans males in particular, as is your Pro-Se relator, Rev. Errol Victor, Sr. herein.

Absent a mis-trial declared and failure of the State's prosecution to commence trial in the One (1) YEAR TIME LIMITATION OF THE STAUTE, La. C. Cr. P. art 582 in particular, represents the functioningly eqvilency to an Implied Consent to an Acquittal (See, **U.S. v. Scott**, 487 U.S. 82, 95, 94, 98 S.CT. 2187, 57 L.Ed 65 (1978). (See, controlling case, **State v. Revish**, 2019 - 01732
(La. 10/1/20), also **State v. Sorden**, 45 So. 3d 181 (La. App. 2010) quoting (**Baker v. Wingo).**

NO CLEAN- SLATE
"WRIT OF PROHIBITATION"

The State of Louisiana has no clean – slate relevant to a reversal / vacate based upon a non-unanimous jury verdict. (See, **Bullington v. Missouri**, 451 U.S. 430, SCT 1859 , 1981).

A clean- slate is only applicable to an unanimous jury verdict. (See, State v. Graham, 375 So. 2d 347 (La. 1979), thus the State of Louisiana legal fiction unconstitutional non-unanimous jury verdict vacated convictions prohibits reprosecution or Re-trial of your relator. "No Clean Slate" and triggers Double Jeopardy (Burk v. U.S.,) to permit a second trial would negate the purpose of the Double Jeopardy Clause to forbid a second trial in which the prosecution would be afforded another opportunity to supply evidence that it failed to muster in the first trial (P.P. 2149-2150), Burk v. U.S. 125, S.CT. 738, 548 U.S., 160 L.ed. 2nd 621 (2005), which provides:

> "An unconstitutional act/ statute, is not unconstitutional from the date which it is judicially declared unconstitutional, but from it's very inception."

This is the "Void abinitial" Principal. Wherefore relator, Rev. Errol Victor, Sr. is not only entitled as already granted, to the retroactive benefit of the holding in Ramos as of the date of the U.S.S. Ct's vacate of relator's conviction and sentence, but also the benefit retroactively of time from the interval from the date of the verdict of the jury, August 01, 2014. Time cannot be interrupted by unconstitutional acts. Any acts based upon a nullity is a Nullity (Judgment of conviction, sentence, Appeals), all were predicated upon a now adjudicated unconstitutional conviction, act, statute, of which cure is retroactively entitled. Thus, Realtor has been violated and pre-trial detained for over 14 years, 8 years of uninterrupted time as argued and established by evolution of law irrefutably in violation of Speedy Trial Rights. A Writ of Prohibition is necessary, for this reason as well as the recusal of Judge and for double Jeopardy protection.

Relator incorporates all facts pleaded in the original filing of this Writ and all attached Exhibits thereof, Relator submits transcript of the hearing held on January 28, 2022 and the Notice for Intent to Appeal denial by the Court Judge of his own Recusal contrary to establish law. Relator objects to any Judgment dated after March 15, 2022 order by this Court to the 40th JDC, as Abuse of discretion, Abuse of Authority and Obstruction of Justice, and attempted Malicious prosecution. This is an attempt to manufactor a wrongful conviction under the watchful eyes of legal professionals.

The law is clear. A Judge sought to be recused is not to determined the valid grounds for his recusal, but valid grounds is established by law, by legislators' intent pursuant to La. C.Cr.P. Art. 671 et. Seq. Further is to be validated or invalidated by determination of another Judge and not the Judge sought to be Recused.

WHEREFORE, relator prays to stay any and all hearing or proceedings until this matter is adjudicated by the last court of result; The Louisiana State Supreme Court or the United States Supreme Court. Double Jeopardy requires litigation to Finality Pre-trial. Stay required by statute La. C.Cr.P. Art 673. Forth more, request that this Honorable Court do the following:

1.) Assume jurisdiction of this action and issue a temporary restraining order or a Preliminary injunction and a permanent injunction restoring plaintiff's Liberty, business, movable and immovable property, stop defendants from

taking further action against plaintiff until such time that a hearing can be heard, and a permanent injunction restraining defendant (s) and its agents and servants from further injuring Plaintiff herein until there is a full-blown hearing before a jury;

2.) Declare that the defendant (s) right to privacy, right to his property, violated plaintiff's equal protection of the law, immunities and privileges, violated his constitutional Rights to procedural due process, violated plaintiff's right to a trial by a fair and impartial jury as pursuant to the Constitution of the United States and set forth above;

3.) Award plaintiff for compensable plus punitive damages and reparations for the violation of Petitioner and all indispensable African American Louisianans and unknown parties similarly situated, of their protective Constitutional Federal Rights, loss of income, liberty, business, reputation, dignity, for mental anguish, alienation of affection, involuntary servitude, for shame and unspeakable humiliation and dehumanization and their cost and attorney fees, pursuant to 42 U.S.C. Section 1983, and all available laws and statutes under the United States Constitution and State of Louisiana; AND, E.V.

4) Award Plaintiff all money current held by the Sheriff Department for bail bonds that it refuses to give back and/ or grant Plaintiff the right to be bonded out of jail. Also, Plaintiff request that Plaintiff be required to be placed back in population and removed from Solitary confinement.

5.) Enter such other further relief as the Court deems just and proper

6.) Plaintiff request a trial by jury

7.) reserves the right to amend/ supplement this pleading.

Dated: 05/18/2022

Respectfully Submitted by:

Errol Victor, Sr.
In Proper Person
Orleans Parish Prison
3000 Perdido St. **F2**
New Orleans, La. 70119

## CERTIFICATE OF SERVICE

I, WE, Certify that on this __18__ day of __MAY__, 2022, a copy of the foregoing was filed with the Honorable Clerk of Court by physically handing same to Correctional Officer as per the mail box rule to be placed with the U.S. Mail, hand delivered, or mailed by U.S. Postal Service prepaid in advance of mailing to the opposing party.

_____
Rev. Errol Victor Sr. Petitioner
Pro Se Petitioner

### STATE OF LOUISIANA

### AFFIDAVIT

**I, REV. VICTOR SR. HEREBY STATE UNDER PENALTY OF PREJURY THAT I AM THE AFFIANT HEREIN LISTED IN THIS PETITION AND THAT ALL STATEMENTS AND FACTS CONTAINED HEREIN ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.**
       THIS DONE THIS __18__ DAY OF __MAY__, 2022.

_____
REV. ERROL VICTOR SR.
PRO SE PETITIONER
OJC