# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ERROL VICTOR, SR.**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 22-1539**

**STATE OF LOUISIANA, ET AL.**                           **SECTION "J"(4)**


## ORDER AND REASONS

Before the Court is **Rev. Errol Victor Sr.'s  Motion to "List of Non-Animous jury Wrongful Convicted Inmates Who Moves to be Indispensable parties in Case #22-1539 Rev. Errol Victor, Sr., v. State of Louisiana Et. al" ( Rec. doc. 58)** where Victor seeks to add thirty-two (32)  inmates who were purported convicted by a nonunanimous jury as indispensable parties. The motion is opposed. rec. doc. 59.

## I.     Factual and Procedural Background

On May 18, 2022, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants, Assistant District Attorney Judie E. Cullen, Attorney General Jeff Landry, and Sheriff Mike Tregre, related to his prior conviction for second degree murder. Rec. do. 1.   He later added the  Honorable  Dennis J.  Waldron  who  presided ad hoc,  over Plaintiff's ongoing state court criminal matter ("Underlying Suit"). Id.

According to the complaint, on August 1, 2014,  Victor was found guilty of second degree murder.  Rec. doc. 1. The United States Supreme Court subsequently vacated Plaintiff's sentence in light of the non-unanimous jury verdict.  Id.   Consequently, the Louisiana Fifth Circuit Court of Appeal ordered a new trial.   Following his new trial, a unanimous jury found Plaintiff guilty of second-degree murder.    Id.  Victor alleges that his constitutional rights of due process have been violated and further that he has been denied equal protection under the law to have a verdict rendered by a unanimous jury.  Id. He further alleges a violation of the

4th, 5th 6th Amendments because he is allegedly held hostage under color of law.  He  complains that he has sued the defendants in their official and  individual capacity.

Although Victor complains about the original non-unanimous  jury verdict which resulted his conviction, he has been retried by and convicted by a unanimous jury of murder.   Victor generally alleges that the defendant(s) have "created a scheme and conspiracy to take Plaintiff's life, liberty, and pursuit of happiness, plaintiff's property and have taken plaintiff's business with an economic life projected at more or equal to five hundred (500) million dollars without due process, procedural process, or equal protection of the law." Id. He also seeks to generally assert a claim on behalf of the other African American men.   See Complaint  ¶ 6-1, Id.

Specifically, Plaintiff  sued Attorney General Jeff Landry, in his official and individual capacity for allegedly violating Victor's  due process, procedural due process, civil rights, and equal protection of the law "by being plain biased, prejudice [sic], predisposed, and unfair. Rec. doc. 11, ¶4. In addition to that, defendant conspired with other defendants to deprive plaintiff of property, assets, and business assets without equal protection of the law in violation of the law and defendant did this under color of law" . Id.

Plaintiff seeks a stay  of any and all hearing or proceedings until this matter is adjudicated by…"The Louisiana State Supreme Court or the United States Supreme Court".  Id.  He requests the issuance of a "temporary restraining order or a preliminary injunction and a permanent injunction" .  Id. The purpose of the restraining order is to allegedly restore his property and to "stop defendants from taking further action against" him until there is a "full-blown hearing before a jury." Id.   Additionally, Victor seeks a declaratory judgment that his constitutional rights were violated by Defendants, the award of punitive damages and reparations to him and "all indispensable African American Louisianans and unknown parties similarly situated…" costs and

attorney fees,.  He further seeks the return of all moneys given for bond or "grant Plaintiff the right to be bonded out of jail." Id.

He further seeks an order restoring him to general population rather than his current location, solitary confinement.   Victor further  seeks  his immediate release and damages in the amount of over one (1) million dollars.

Plaintiff seeks monetary damages against AG Landry pursuant to 42 U.S.C. § 1983 in relation to prior conviction wherein Plaintiff was found guilty of second degree murder by a non-unanimous jury and later reconvicted by a unanimous jury. Given that Plaintiff's claims bear directly on the nature and duration of his confinement, AG Landry contends that Victors claims against him  are barred by the doctrine set forth in *Heck v. Humphrey* and its progeny and should be dismissed with prejudice.

## II.   <u>Standards of Review</u>

### A.   <u>Amendment of Complaint</u>

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Stripling v. Jordan Prod. Co*., 234 F.3d 863, 872 (5th Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 770 (5th Cir.1999); *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 597–98 (5th Cir.1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), but such leave "is by no means automatic." *Esteen v. LeBlanc,* 2014 WL 5461395 (E.D. A. L.A. 2014) Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed undue prejudice to the opposing party, and futility of amendment." Id.

**B.**    **FRCP Rule 19(a)(1)**

FRCP Rule 19(a)(1) provides that: (A) in the person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. *See Clark v. Deutsche Bank Nat. Tr. Col. ,* 2012.

The party seeking the joinder bears the initial burden of demonstrating that the person is necessary. Id.  "It is to be stressed that the criteria set forth in Rule 19 are not to be applied mechanically nor are they to be used to override compelling substantive interests." Id.  "The inquiry contemplated by Rule 19(a) is a practical one and is addressed to the sound discretion of the court. .Id.

**III.    Analysis**

Victor makes clear in his original and amended complaints that he is seeking monetary compensation and other relief for defendants' alleged violations of his constitutional rights as a result of his original state murder conviction because it was a  non-unanimous verdict.  While it is true that his first conviction was non-unanimous, his second conviction was with a unanimous verdict.

He now seeks to add 32 other plaintiffs in attempt to create a class  action of plaintiffs who were harmed because of they too were convicted by a non-unanimous jury verdict. Victor contends that these proposed plaintiffs are indispensable to his originally filed action because they too were

convicted by a non-unanimous jury.  Victor however in this case has sued every person who was involved in his original conviction and in separate motions seeks to add others who played some part in original conviction.  It is unclear from the proposed  request what the other 32 plaintiffs were convicted of or even if they have undergone a second trial with a conviction.  Nevertheless, the Court will address the propriety of adding these plaintiffs to Victor's individual claims.

Judge Waldron filed an opposition to the proposed motion  and indicates that he does not consent to the motion and that Victor has not complied with Fed. R.Civ. P. 20 which requires a joint right or a right that arises of the same transaction or occurrence.  Judge Waldron further contends that none of the thirty-two plaintiffs have any connection to a case that he presides over to bring a suit against him.

Federal Rule of Civil Procedure 19 requires the court to determine whether a party is indispensable. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–43, 19 L.Ed.2d 936 (1968). "The test for an indispensable party is whether justice cannot be done unless it is joined." *Spartech Corp. v. Opper*, 890 F.2d 949, 954 (7th Cir.1989).

Under the two step analysis of Rule 19, the Court first must determine whether the absent person is a "required party," that is,

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed.R.Civ.P. 19(a)(1).

If the court finds that an absent person constitutes a required party, but the required party "cannot be joined, the court must determine whether, in equity and good conscience, the action

should proceed among the existing parties or should be dismissed." Fed.R.Civ.P. 19(b). The factors

the court is to consider for this inquiry are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that
person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for
nonjoinder. Id.

The first type of required party under Rule 19(a)(1) is one whose absence prevents the

court from according to complete relief among the existing parties. Fed.R.Civ.P. 19(a)(1)(A). *In

re Chinese Manufactured Drywall Products Liability Litigation,* 273 F.R.D. 380( E.d.la 2011).

However, under Rule 19(a)(1)(A) the 32 other plaintiffs will not be bound by this Court's rulings

if they are not joined. They can each individually file their claim. Further Victor's claims are

somewhat dissimilar to the proposed plaintiffs because he has been retried and it is unclear whether

any or all of them have been subjected to a retrial. Therefore, the 32 proposed plaintiffs are not

indispensable per FRCP Rule 19(a)(1)(A).

The next issue is whether the 32 proposed plaintiffs are required party under Rule(a)(1).

Pursuant to this rule a required party is one who " claims an interest relating to the subject of the

action and is so situated that disposing of the action in the person's absence may (i) as a practical

matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations

because of the interest." Fed.R.Civ.P. 19(a)(1)(B).

However, in this case, the 32 proposed plaintiffs have no interest in this litigation, there

interest instead are separate. Although they were allegedly subjected to a nonunanimous jury

verdict like Victor,  Victor's improper conviction has been corrected.  No determination in this case will impede any of the proposed 32 plaintiffs' rights to protect their own interest in other litigation if they so choose.  Nor will not including or adding them to this matter  will leave Victor subject to a substantial risk of incurring double, multiple or other inconsistent obligations.

IV.    **Conclusion**

It is therefore **ORDERED** that **Rev. Errol Victor Sr.'s  Motion to "List of Non-Animous jury Wrongful Convicted Inmates Who Moves to be Indispensable parties in Case #22-1539 Rev. Errol Victor, Sr., v. State of Louisiana Et. al" ( Rec. doc. 58)** is **DENIED**.

New Orleans, Louisiana, this _____1st_____ day of    February 2023.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**