UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**REV. ERROL VICTOR, SR.**      **CIVIL ACTION**

**VERSUS**      **NO. 22-1539**

**STATE OF LOUISIANA, ET AL.**      **SECTION "T"(4)**

## ORDER AND REASONS

Before the Court is **Notice to Stay and Extension (R. doc. 51.), Expeditious Consideration -Ex Parte Temporary Restraining Order without Notice and Hearing (R. doc. 38), Notice to the Honorable Court "Stay and Extension" (R. doc. 52)** filed by Victor to stay the effect of his July 2022 conviction and seeking to stay the sentencing of his recent conviction.

### I. Factual and Procedural Background

On May 18, 2022, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants, Assistant District Attorney Judie E. Cullen, Attorney General Jeff Landry, and Sheriff Mike Tregre, related to his prior conviction for second degree murder. Rec. do. 1. He later added the Honorable Dennis J. Waldron who presided ad hoc, over Plaintiff's ongoing state court criminal matter ("Underlying Suit"). Id.

According to the complaint, on August 1, 2014, Victor was found guilty of second degree murder by a non-unanimous jury. Rec. doc. 1. The United States Supreme Court subsequently vacated Plaintiff's sentence in light of the non-unanimous jury verdict. Id. Consequently, the Louisiana Fifth Circuit Court of Appeal ordered a new trial. Following his new trial, a unanimous jury found Plaintiff guilty of second-degree murder. Id. Victor alleges that his constitutional rights of due process have been violated and further that he has been denied equal protection under the law to have a verdict rendered by a unanimous jury. Id. He further alleges a violation of the

4th, 5th 6th Amendments because he is allegedly held hostage under color of law. He complains that he has sued the defendants in their official and individual capacity.

Although Victor complains about the original non-unanimous jury verdict which resulted his conviction, he has been retried by and convicted by a unanimous jury of murder. Victor generally alleges that the defendant(s) have "created a scheme and conspiracy to take Plaintiff's life, liberty, and pursuit of happiness, plaintiff's property and have taken plaintiff's business with an economic life projected at more or equal to five hundred (500) million dollars without due process, procedural process, or equal protection of the law." Id. He also seeks to generally assert a claim on behalf of the other African American men. See Complaint ¶ 6-1, Id.

Specifically, Plaintiff sued Attorney General Jeff Landry, in his official and individual capacity for allegedly violating Victor's due process, procedural due process, civil rights, and equal protection of the law "by being plain biased, prejudice [sic], predisposed, and unfair. Rec. doc. 11, ¶4. In addition to that, defendant conspired with other defendants to deprive plaintiff of property, assets, and business assets without equal protection of the law in violation of the law and defendant did this under color of law" . Id.

Plaintiff seeks a stay of any and all hearings or proceedings until this matter is adjudicated by…"The Louisiana State Supreme Court or the United States Supreme Court". Id. He requests the issuance of a "temporary restraining order or a preliminary injunction and a permanent injunction" . Id. The purpose of the restraining order is to allegedly restore his property and to "stop defendants from taking further action against" him until there is a "full-blown hearing before a jury." Id. Additionally, Victor seeks a declaratory judgment that his constitutional rights were violated by Defendants, the award of punitive damages and reparations to him and "all indispensable African American Louisianans and unknown parties similarly situated…" costs and

attorney fees,. He further seeks the return of all moneys given for bond or "grant Plaintiff the right to be bonded out of jail." Id.

He further seeks an order restoring him to general population rather than his current location, solitary confinement. Victor further seeks his immediate release and damages in the amount of over one (1) million dollars.

Plaintiff seeks monetary damages against AG Landry pursuant to 42 U.S.C. § 1983 in relation to prior conviction wherein Plaintiff was found guilty of second degree murder by a non-unanimous jury and later reconvicted by a unanimous jury.

In the subject matter, Victor contends that his retrial which resulted in a conviction in June 2022 should be stayed. He further seeks placement in federal protective custody. He further complained about the facility that he was in having taken his legal papers and filings thereby preventing him from litigating successfully nullifying the prejudice he has undergone. He further alleges that he has been prevented from timely responding in the litigation. Victor therefore seeks a restraining order against the Department of Corrections as an entity of the State of Louisiana who he has sued. He further clarifies that he seeks a stay or extension until he is given all of his legal property and an order from the Court mandating such. Victor also seeks an order providing him with personal security given the authoritative positions of the people involved in his case.

In Victor's second request to stay he is seeking a restraining order because he was being compelled to undergo a second-illegal sentencing of life imprisonment constituting false imprisonment. This motion simply is a typed version of the handwritten motion he filed on November 3, 2022. Rec. doc. 51.

Victor also filed an *ex parte* temporary restraining order without notice and hearing, seeking to prevent his sentencing scheduled as a result of his July 11, 2022, conviction which he

contends is illegal. Victor contends that he will suffer irreparable continuous injury/ harm if his sentence which was scheduled for September 9, 2022. R.doc. 38.

**II.     Standards of Review**

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

(b) Temporary Restraining Order

(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In order for Plaintiff to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430 (5th Cir.1981); *See also Gonzalez v. Seal*, 2010 WL 1708666 (E.D. La. 2010).

**III.    Analysis**

Victor alleges that the Court should have entered a TRO preventing his sentencing in his state criminal proceeding because an injustice would occur. He alleges that double jeopardy attached because he had a criminal trial that resulted in a conviction which was later vacated as violative of the Constitution by the U.S. Supreme Court. While he argues that there is a substantial likelihood that he would succeed on the merits, the evidence is to the contrary. At the time of this writing, Victor has been reconvicted of the murder of his 8-year-old son. The state trial court has

already sentenced him. Therefore, this court has no authority to suspend or stay the state court conviction. The state system provides Victor with appeal and habeas corpus rights before bringing a matter to federal court.

Next, Victor contends that because he was convicted even though that conviction was overturned, that double jeopardy attached. However, the doctrine of double jeopardy bars retrial when the defendant has been acquitted, or when an appellate court reverses "on grounds of evidentiary insufficiency." *Burks v. United States*, 437 U.S. 1, 16, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). In a case such as this, double jeopardy does not apply when a "conviction is set aside because of an error in the proceedings leading to conviction." Id. at 14, 98 S.Ct. 2141 (quoting *United States v. Tateo*, 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964)). Consequently, contrary to Victor's belief, double jeopardy did not attach because the first conviction was vacated or set aside because an error in the proceeding, i.e., a non-unanimous verdict.

### IV.   Conclusion

It is therefore **ORDERED** that the **Notice to Stay and Extension (R. doc. 51.), Expeditious Consideration -Ex Parte Temporary Restraining Order without Notice and Hearing (R. doc. 38) and Notice to the Honorable Court "Stay and Extension" (R. doc. 52)** are **DENIED**.

New Orleans, Louisiana, this __2nd__ day of February 2023

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**