UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL VICTOR, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1539** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "T"(4)** |

### ORDER AND REASONS

Before the Court is a **(1) Motion to Add Joinder Petitioner, Wife (R. Doc. 55), (2) Motion to Add St. John the Baptist Parish Clerk of Court, 40th Judicial District Court ( R. Doc. 43), and (3) Motion to Add State of Louisiana License Defense Attorneys, Alyson Billeaud, Shelly Deville and Claiborne W. Brown ( R. Doc. 50)**

**I.     Factual and Procedural Background**

On May 18, 2022, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants, Assistant District Attorney Judie E. Cullen, Attorney General Jeff Landry, and Sheriff Mike Tregre, related to his prior conviction for second degree murder. Rec. Doc. 1.  He later added the Honorable Dennis J. Waldron who presided ad hoc, over Plaintiff's ongoing state court criminal matter ("Underlying Suit"). *Id*.

According to the complaint, on August 1, 2014,  Victor was found guilty of second degree murder by a non-unanimous jury.  Rec. Doc. 1. The United States Supreme Court subsequently vacated Plaintiff's sentence in light of the non-unanimous jury verdict. *Id*. Consequently, the Louisiana Fifth Circuit Court of Appeal ordered a new trial.

Following his new trial, a unanimous jury found Plaintiff guilty of second-degree murder. *Id*. Victor alleges that his constitutional rights of due process and have been violated and further

that he has been denied equal protection under the law to have a verdict rendered by a unanimous jury. Id. He further alleges a violation of the 4th, 5th, and 6th Amendments because he is allegedly held hostage under color of law. He complains that he has sued the defendants in their official and individual capacity.

Although Victor complains about the original non-unanimous jury verdict which resulted his conviction, he has been retried by and convicted by a unanimous jury of murder. Victor generally alleges that the defendant(s) have "created a scheme and conspiracy to take Plaintiff's life, liberty, and pursuit of happiness, plaintiff's property and have taken plaintiff's business with an economic life projected at more or equal to five hundred (500) million dollars without due process, procedural process, or equal protection of the law." Id. He also seeks to generally assert a claim on behalf of the other African American men. See Complaint ¶ 6-1, Id.

Specifically, Plaintiff sued Attorney General Jeff Landry, in his official and individual capacity for allegedly violating Victor's due process, procedural due process, civil rights, and equal protection of the law "by being plain biased, prejudice [sic], predisposed, and unfair. Rec. Doc. 11, ¶4. In addition to that, defendant conspired with other defendants to deprive plaintiff of property, assets, and business assets without equal protection of the law in violation of the law and defendant did this under color of law." Id.

Plaintiff seeks a stay of any and all hearing or proceedings until this matter is adjudicated by "The Louisiana State Supreme Court or the United States Supreme Court." Id. He requests the issuance of a "temporary restraining order or a preliminary injunction and a permanent injunction." Id. The purpose of the restraining order is to allegedly restore his property and to "stop defendants from taking further action against" him until there is a "full-blown hearing before a jury." Id. Additionally, Victor seeks a declaratory judgment that his constitutional rights were violated by

Defendants, the award of punitive damages and reparations to him and "all indispensable African American Louisianans and unknown parties similarly situated…", and attorney fees and costs. He further seeks the return of all moneys given for bond or "grant Plaintiff the right to be bonded out of jail." *Id*.

He further seeks an order restoring him to the general population rather than his current location, solitary confinement." Victor further seeks his immediate release and damages in the amount of over one (1) million dollars.

Plaintiff seeks monetary damages against Attorney General Landry pursuant to 42 U.S.C. § 1983 in relation to prior conviction wherein Plaintiff was found guilty of second degree murder by a non-unanimous jury and later reconvicted by a unanimous jury.

**II.     Standards of Review**

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Stripling v. Jordan Prod.* Co., 234 F.3d 863, 872 (5th Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765, 770 (5th Cir.1999); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir.1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), but such leave "is by no means automatic." *Esteen v. LeBlanc,* 2014 WL 5461395 (E.D. A. L.A. 2014) Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed undue prejudice to the opposing party, and futility of amendment." *Id*.

When denying a motion amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously  allowed undue prejudice to the opposing party…and futility of the amendment.' *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. 2014) .

An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. ( citing *Briggs v. Miss.,*  331 F.3d 499, 508 (5th Cir. 2002))). " it is well-established of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly:* 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Engergy Ventures Mgmt., L.L.C. v. United Engergy Grp.,*  818 F.3d 193, 200 (5th Cir. 2016).  As such the Court must accept all well-plead facts as true and view them in the light most favorable to the non-moving party.  *Martin K Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) ( internal quotation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment.  *Jaso v. The Coca Cola Co.,*  435 F. App'x 346, 353-54 & n.6 (5th Cir. 2011)

### III.  Analysis

Victor makes clear in his original and amended complaints that he is seeking monetary compensation and other relief for defendants' alleged violations of his constitutional rights as a

result of his state murder conviction. He is seeking to challenge the non-unanimous verdict. However, since his original conviction was vacated, Victor was retried before a jury and convicted by a unanimous jury. *See* Complaint Rec. Doc. 11.

Victors seeks to add claims against several parties namely, Mrs. Tonya Victor, the wife of the plaintiff who was also convicted for the death of her 8 yar-old son, defense attorneys, Alyson Billeaud, Shelly Deville and Claiborne W. Brown, Detective Christy Murden Chauvin and the St. John the Baptist Parish Clerk of Court, 40th Judicial District Court, Amanda Duhe.

As part of the alleged unreasonableness of his detention he seeks to name the Clerk of Court for alleged fraud on the court because the clerk allegedly deliberately concealing of filed stamped motions in the matter before Judge Waldron which include claims concerning his right to a self-defense or representation in the criminal matter. He alleges that while he filed 12 motions in his criminal case, Judge Waldron state that he did not know about them. As a result, he seeks to sue the Clerk of Court.

He seeks to add his wife as a petitioner in this case because she is allegedly an indispensable party. He does not set any further allegations as to why she is indispensable and nor does he claim that she was subjected to a non-unanimous jury.

He also seeks to name Detective Christy Murden who as the investigator in the criminal case allegedly deliberately manufactured a wrongful conviction and thereby aiding and abetting in malicious prosecution. He alleges that the Detective obstructed justice and alienated his affection between Victor, his wife and children. He further seeks to allege that the detective concealed exculpatory evidence to manufacture a wrongful conviction.

Victor seeks to add Alyson Billeaud, Shelly Deville and Claiborne W. Brown, his defense attorneys who allegedly conspired against him. Specifically, Victor seeks to allege that his defense

5

attorneys conspired against him with the prosecutors and the judge to violate the federal constitution. He alleges that these defendants deprived him of life and liberty by manufacturing a wrongful conviction.

### 1. To add Ms. Victor

Federal Rule of Civil Procedure 19 requires the court to determine whether a party is indispensable. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–43, 19 L.Ed.2d 936 (1968). "The test for an indispensable party is whether justice cannot be done unless it is joined." *Spartech Corp. v. Opper*, 890 F.2d 949, 954 (7th Cir.1989). Under the two step analysis of Rule 19, the Court first must determine whether the absent person is a "required party," that is,

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed.R.Civ.P. 19(a)(1).

If the court finds that an absent person constitutes a required party, but the required party "cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed.R.Civ.P. 19(b). The factors the court is to consider for this inquiry are:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. *Id*.

The first type of required party under Rule 19(a)(1) is one whose absence prevents the court from according to complete relief among the existing parties. Fed.R.Civ.P. 19(a)(1)(A). *In re Chinese Manufactured Drywall Products Liability Litigation*, 273 F.R.D. 380( E.D.La. 2011). However, under Rule 19(a)(1)(A) Ms. Victor will not be bound by this Court's rulings, as she is joined as a party and can individually file her claim. Further Victor's claims are dissimilar to the proposed plaintiff's interest because he has been retried and it is unclear whether any or all of them have been subjected to a retrial. Therefore, Ms. Victor is not indispensable per FRCP Rule 19(a)(1)(A).

The next issue is whether Ms. Victor is a required party under Rule 19(a)(1). Pursuant to this rule a required party is one who "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed.R.Civ.P. 19(a)(1)(B).

However, in this case, Ms. Victor's only potential interest in this litigation although not alleged is consortium. Moreover, there is no loss of consortium claim in a §1983 claim because such a claim is personal to the individual claiming injury. *See Zuyus v. Hilton Riverside,* 439 F. Supp.2d 631 ( E.D. La. 2006). Ms. Victor does not allege any wrongful conduct that could be reasonably attribute to state actors. Therefore, the **Motion to Add Ms. Tonya Victor (R. Doc. 55)** is **DENIED**.

    **2. To Add St. John the Baptist Clerk of Court**

Victor also seeks to name the St. John the Baptist Clerk of Court as a defendant. According to Victor, the Clerk of Court allegedly committed fraud on the Court because the clerk allegedly

deliberately concealed the filed stamped motions in the matter before Judge Waldron. He alleges that because of the Clerk of Court, Judge Waldron was not aware that he had filed 12 motions in his criminal case where he wanted to represent himself in his criminal matter.  He does not identify when the motions were file, nor does he identify the motions that were "file stamped" but not placed in the file. His allegations are general in nature. Victor does allege that the failure to file these unidentified pleadings were "pertinent to his liberty interest pre-trial and pertinent to his acquittal and the violation and denial of aggrieved petitioner. Therefore, Victor contends that the St. John the Baptist Clerk of Court should be liable.

Victor's claim against the Clerk of Court challenges the propriety of and his continued incarceration arising from his state criminal conviction, because he was originally convicted by a non-unanimous jury.  When a plaintiff asserts civil rights claims under either § 1983, the Court must consider the Supreme Court's doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, which would bar review of such claims under most circumstances.

Pursuant to *Heck*, a § 1983 plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (applying *Heck* to § 1983 claims) (quoting *Heck*, 512 U.S. at 486-87).

The Supreme Court has clarified that dismissal under *Heck* also applies "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily

8

demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Therefore, *Heck* applies to bar a prisoner's claims, whether he seeks monetary, injunctive, or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to bar a prisoner's claim for money damages and declaratory relief challenging disciplinary hearing procedures); *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (recognizing *Heck* bar to "any injunctive relief" tied to habeas claim brought under § 1983); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards*, 520 U.S. at 641).

Victor's proposed claim against the Clerk of Court for allegedly not filing the 12 pleadings necessarily implies the invalidity of the conviction. It's unclear whether the pleadings he submitted were during the first or second criminal trial. Either way, it would imply the invalidity of the current conviction as well and there is frivolous. The **Motion to Amend to Add the Clerk of Court for the 40th JDC is DENIED**.

### 3. To Add Defense Attorneys, Alyson Billeaud, Shelly Deville and Claiborne W. Brown

Victor seeks to add Alyson Billeaud, Shelly Deville and Claiborne W Brown, his defense attorneys as defendants for allegedly conspiring against him. Specifically, Victor seeks to allege that his defense attorneys conspired against him with the prosecutors and the judge, to violate the federal constitution by depriving him of life and liberty by manufacturing a wrongful conviction. He alleges that his attorney concealed exculpatory evidence and proof of his innocence and alleges misprision of a felony and his "attempted murder." Victor alleges that he is aggrieved because he was unconstitutionally convicted by a non-unanimous jury in a "wayward scheme " which is void

9

ab initio. He further argues that Billeaud conspired with the attorney generals to debunk and silence 14 years of Victor's established documented defense.

In essence, Victor's proposed allegations against Billeaud, Deville and Brown imply the invalidity of his current conviction which has not be reversed on appeal and therefore is subject to the *Heck* doctrine. Victor's proposed complaint against Billeaud, Deville and Brown is frivolous until his current conviction is reversed according to the *Heck* doctrine. While Victor focuses on his original conviction, that conviction was reversed, and he has been retried so it cannot form the basis of the current allegations.

## IV.    Conclusion

Accordingly,

**IT IS THEREFORE ORDERED** that the **(1) Motion to Add Joinder Petitioner, Wife ( R. Doc. 55); (2) Motion to Add St. John the Baptist Parish Clerk of Court, 40th JDC (R. Doc. 43); and (3) Motion to Add State of Louisiana License Defense Attorneys, Alyson Billeaud, Shelly Deville and Claiborne W. Brown. (R. Doc. 50)** are **DENIED.**

New Orleans, Louisiana, this 10th day of February 2023.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**