UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERROL VICTOR, SR.                                    CIVIL ACTION

VERSUS                                               NO. 22-1539

STATE OF LOUISIANA, ET AL.                           SECTION "T"(4)

## REPORT AND RECOMMENDATION

Several defendants have filed motions seeking dismissal of plaintiff Errol Victor's original and amended complaints: (1) **Motion to Dismiss (R. Doc. 21)** by Judge Dennis J. Waldron ("Judge Waldron"); (2) **Motion to Dismiss (R. Doc. 27)** by Louisiana Attorney General Jeff Landry; (3) **Motion to Dismiss (R. Doc. 29)** by Sheriff Mike Tregre; (4) **Motion to Dismiss (R. Doc. 34)** by Louisiana State; (5) **Motion to Dismiss (R. Doc. 40)** by Julie Cullen. This was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

I.    **Factual and Procedural Background**

On May 18, 2022, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants, Assistant District Attorney Judie E. Cullen, Attorney General Jeff Landry, and Sheriff Mike Tregre, related to his prior conviction for second degree murder. Rec. Doc. 1. He later added the Honorable Dennis J. Waldron who presided ad hoc, over Plaintiff's ongoing state court criminal matter ("Underlying Suit"). *Id*.

According to the complaint, on August 1, 2014, Victor was found guilty of second degree murder by a non-unanimous jury. Rec. Doc. 1. The United States Supreme Court subsequently

vacated Plaintiff's sentence in light of the non-unanimous jury verdict. *Id*. Consequently, the Louisiana Fifth Circuit Court of Appeal ordered a new trial.  Following his new trial, a unanimous jury found Plaintiff guilty of second-degree murder.  *Id*.  Victor alleges that his constitutional rights of due process and have been violated and further that he has been denied equal protection under the law to have a verdict rendered by a unanimous jury. *Id*. He further alleges a violation of the 4th, 5th, and 6th Amendments because he is allegedly being held hostage under color of law. He complains that he has sued the defendants in their official and individual capacity.

Although Victor complains about the original non-unanimous jury verdict which resulted his conviction, he has been retried by and convicted by a unanimous jury of murder. Victor generally alleges that the defendant(s) have "created a scheme and conspiracy to take Plaintiff's life, liberty, and pursuit of happiness, plaintiff's property and have taken plaintiff's business with an economic life projected at more or equal to five hundred (500) million dollars without due process, procedural process, or equal protection of the law." *Id*. He also seeks to generally assert a claim on behalf of the other African American men. *See* Complaint  ¶ 6-1, *Id*.

Specifically, Plaintiff  sued Attorney General Jeff Landry, in his official and individual capacity for allegedly violating Victor's due process, procedural due process, civil rights, and equal protection of the law "by being plain biased, prejudice [sic], predisposed, and unfair. Rec. Doc. 11, ¶4. In addition to that, defendant conspired with other defendants to deprive plaintiff of property, assets, and business assets without equal protection of the law in violation of the law and defendant did this under color of law." *Id*.

Plaintiff seeks a stay of any and all hearing or proceedings until this matter is adjudicated by "The Louisiana State Supreme Court or the United States Supreme Court." *Id*. He requests the issuance of a "temporary restraining order or a preliminary injunction and a permanent injunction."

*Id*. The purpose of the restraining order is to allegedly restore his property and to "stop defendants from taking further action against" him until there is a "full-blown hearing before a jury." *Id*. Additionally, Victor seeks a declaratory judgment that his constitutional rights were violated by Defendants, the award of punitive damages and reparations to him and "all indispensable African American Louisianans and unknown parties similarly situated…", attorney fees and costs. He further seeks the return of all moneys given for bond or "grant Plaintiff the right to be bonded out of jail." *Id*.

He further seeks an order restoring him to general population rather than his current location, solitary confinement." Victor further seeks his immediate release and damages in the amount of over one (1) million dollars.

Plaintiff seeks monetary damages against Attorney General ("AG") Landry pursuant to 42 U.S.C. § 1983 in relation to a prior conviction wherein Plaintiff was found guilty of second degree murder by a non-unanimous jury and later reconvicted by a unanimous jury. Given that Plaintiff's claims bear directly on the nature and duration of his confinement, AG Landry contends that Victors claims against him are barred by the doctrine set forth in *Heck v. Humphrey* and its progeny and should be dismissed with prejudice.

AG Landry further contends that he cannot be sued because a suit against him in his official capacity is a suit against him. As a result, the doctrine of sovereign immunity applies and Victor's claims against him should be dismissed. Further, AG Landry contends that Victors claims are also barred because he is qualifiedly immune from being sued even though Victor's allegations are vague and factually non-specific. Finally, AG Landry contends that Victor fails to state a class action claim.

II.    <u>**Standards of Review**</u>

    A.    **Screening for Frivolousness**

Plaintiff is a federal prisoner.  As such, his complaint is subject to preliminary screening and dismissal under 28 U.S.C. § 1915A.  *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A "institutes certain screening procedures once a complaint is received by a district court" and is "quite similar to the roles played by Federal Rules of Civil Procedure 11 and 12(b)(6)." *Id*. at 580, n.2; *see also Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018) ("We review a dismissal under 28 U.S.C. § 1915A(b)(1) for failure to state a claim *de novo*, applying the same plausibility standard applicable to Federal Rule of Civil Procedure 12(b)(6) dismissals."). Pursuant to § 1915A(b)(1), federal courts are mandated to initially screen prisoner complaints against government officials or entities to identify cognizable claims and dismiss the complaint or any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *See Coleman v. Tollefson*, 575 U.S. 532 (2015) (noting the congressional focus on trial court screening of prisoner complaints and dismissal of claims that are frivolous, malicious, or fail to state a claim for relief); *Hines v. Graham*, 320 F. Supp. 2d 511, 526 (N.D. Tex. 2004).

The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  A claim is frivolous when it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).  It lacks an arguable factual basis only if the facts alleged are "clearly

baseless," a category encompassing fanciful, fantastic, and delusional allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28).  Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations.  *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**B.    Motions Pursuant to Rules 12(b)(1), (6)**

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint if it lacks jurisdiction over the subject matter or for failure to state a claim upon which any relief may be granted.  The same standard is applied for a motion to dismiss brought under either Rule 12(b)(1) for lack of jurisdiction.  *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (internal citation omitted).  Moreover, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "[t]he plaintiff must plead enough facts to state a claim to relief that is plausible on its face."  *Guidry*, 512 F.3d at 180 (quotation marks omitted).  The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as mentioned above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See Id.*

Furthermore, the Fifth Circuit has explained that, before dismissing the complaint of a pro se prisoner, "[a]n opportunity should be provided [to] the prisoner to develop his case at least to the point where any merit it contains is brought to light." *Taylor v. Gibson*, 529 F.2d 709, 713-14 (5th Cir. 1976). Because of this, before dismissing a prisoner complaint under Rule 12(b), a district court ordinarily should give the pro se litigant an opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *accord Bruce v. Little*, 568 F. App'x 283, 285 (5th Cir. 2014).

### C.    Claims Brought Pursuant to 42 U.S.C. § 1983

Section 1983 creates a remedy for the violation of federal constitutional or statutory rights under color of state law:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

6

42 U.S.C. § 1983.

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)). A plaintiff must satisfy three elements to establish § 1983 liability:

    (1)    deprivation of a right secured by the U.S. Constitution or federal law;
    (2)    that occurred under color of state law; and
    (3)    was caused by a state actor.

*Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).

Because § 1983 does not create any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted). This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).

## III.   <u>Discussion</u>

Victor makes clear in his original and amended complaints that he is seeking monetary compensation and other relief for defendants' alleged violations of his constitutional rights as a result of his state murder conviction. He is seeking to challenge the non-unanimous verdict. However, since original conviction was vacated, Victor was retried before a jury and convicted by a unanimous jury. See Complaint Rec. 11. Victors claims against AG Landry are malicious, frivolous, fail to state a claim for which relief can be granted, and seek relief against immune

defendants for the reasons that follow. Thus, the Court hereby exercises its duty to screen Victor's prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A. The Court's statutorily-required, initial review under § 1915A makes it unnecessary for the Court to address the defendants' motions, all of which should be dismissed as moot.

### A.    The *Heck* Doctrine

Victor challenges the propriety of and his continued incarceration arising from his state criminal conviction, because he was originally convicted by a non-unanimous  jury. When a plaintiff asserts civil rights claims under § 1983, the Court must consider the Supreme Court's doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, which would bar review of such claims under most circumstances.

 Pursuant to *Heck*, a § 1983 plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (applying *Heck* to § 1983 claims) (quoting *Heck*, 512 U.S. at 486-87).

The Supreme Court has clarified that dismissal under *Heck* also applies "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original). Therefore, *Heck* applies to bar a prisoner's claims, whether he seeks monetary, injunctive, or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)

(extending *Heck* to bar a prisoner's claim for money damages and declaratory relief challenging disciplinary hearing procedures); *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (recognizing *Heck* bar to "any injunctive relief" tied to habeas claim brought under § 1983); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards*, 520 U.S. at 641).

In this case, success on Victor's claims, including due process violations without doubt imply the invalidity of his federal conviction and imprisonment.  Victor does not allege that his second unanimous conviction has been overturned, invalidated, or in any way called into question, to allow his claims to proceed. Victor's attempt to challenge the original conviction is frivolous because he has been reconvicted on the same charge of murder thereby implicating  *Heck* for the second conviction. Notably, Victor ignores the fact that he was reconvicted by a unanimous jury.

Thus, Victor's claims, urged under § 1983 are exactly the type of claims that must be barred pursuant to *Heck*. *See*, *e.g.*, *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (*Heck* barred claim that defendant altered and destroyed evidence because "[c]onvictions tainted by the suppression, destruction, or alteration of material evidence violate a defendant's Fourteenth Amendment right to due process . . ." and if defendant altered and destroyed evidence, judgment would necessarily imply the invalidity of his subsequent convictions and sentences on those charges") (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Heck*, 512 U.S. at 486-87).  Therefore, Victor's claims challenging the validity of his conviction and imprisonment must be dismissed with prejudice pending his compliance with the conditions expressed in *Heck*.  *Johnson v. McElveen*, 101 F.3d 423, 424 (1996) (dismissal under *Heck* is with prejudice until the *Heck* conditions are met).

**B.    Other Grounds for Dismissal Exist**

While it is clear that Victor's claims directly challenging his conviction and imprisonment are subject to dismissal under *Heck*, there exist alternative grounds to fully dismiss most of his

claims and defendants in furtherance of judicial economy.  *See Patton v. Jefferson Corr'l Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Little v. Bd. of Pardons and Parole Division*, 68 F.3d 122, 123 (5th Cir. 1995) ("Even if a complaint is subject to dismissal under *Heck*, it remains appropriate for district courts to resolve the question of immunity before reaching the *Heck* analysis.") (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)).  Thus, aside from the application of the *Heck* doctrine, the district court <u>must</u> address dismissal of improper claims and parties and immune defendants. *See Busick v. City of Madison, Miss.*, 90 F. App'x 713, 714 (5th Cir. 2004) (recognizing that the district court should first consider all grounds for dismissal other than *Heck*); *see also Boyd*, 31 F.3d at 284 (immunity must be considered as a threshold matter prior to applying *Heck*).

### a.     Improper Parties and Immune Defendants

To recover under § 1983, the plaintiff must identify both the constitutional violation and the responsible person acting under color of state law.  *Flagg Bros., Inc.*, 436 U.S. at 155-56.   In this case, Victor has named AG Landry and other defendants who are either inappropriate parties and/or parties against whom § 1983 and *Bivens* provide no remedy, as well as a number of defendants who enjoy absolute immunity from suit for the actions alleged by Victor. Thus, the claims against a number of named defendants must be dismissed as a threshold matter aside from the application of the *Heck* doctrine.

### 1.     Louisiana Attorney General Jeff Landry

Victor has named Louisiana Attorney General Jeff Landry as a defendant.  He has not asserted any discernable claims against Landry except that Landry somehow violated his

constitutional rights and participated in a conspiracy resulting in a violation of his due process and equal protection rights.  Victor sued AG Landry in his individual and official capacities.

### i.     Official Capacity

To the extent Victor seeks to sue Landry in an official capacity under § 1983 for an alleged constitutional violation, his claims must be dismissed as frivolous and for failure to state a claim for which relief can be granted.

State officials in their official capacities are not "persons" subject to suit under Section 1983 with respect to claims for monetary compensation like that sought by plaintiff.  *Will v. Mich. Dep't of St. Police*, 491 U.S. 58, 71 (1989); *Stotter v. Univ. of Tex.*, 508 F.3d 812, 821 (5th Cir. 2007).  Moreover, under § 1983 claim against a state official in his official capacity for monetary damages is actually a claim against the State itself, which is barred by the Eleventh Amendment. *Williams v. Thomas*, 169 F. App'x 285, 286 (5th Cir. 2006).  Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued.  U.S. Const. amend. XI; *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 318 (5th Cir. 2001).

### ii.     Individual Capacity

As noted above, reading the complaints broadly, Victor sued Attorney General Landry for the  alleged conspiracy to violate his due process and equal rights.  To the extent this claim is related to his ultimate murder conviction,  any such claim is barred by *Heck* for the reasons stated above.

However, as to Landry individually, Victor has failed to allege the violation of a protected substantive or procedural constitutional right or that Landry acted under color of state law.  Action

under color of state law, for purposes of § 1983 liability, occurs when a defendant "'misuses or abuses his official power' and if 'there is a nexus between the victim, the improper conduct, and [the defendant's] performance of official duties.'" *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (citing *United States v. Causey*, 185 F.3d 407, 415 (5th Cir. 1999)).  If, however, a state official, like Landry, acts or fails to act outside of or "<u>without</u> using or misusing the power granted to him by the state . . ., then he is <u>not</u> acting under color of state law." *Harris v. Rhodes*, 94 F.3d 196, 197 (5th Cir. 1996).

Under Louisiana law, the attorney general has the authority to take certain actions <u>only</u> "[a]s necessary for the assertion or protection of any right or interest <u>of the state</u>."  La. Const. art. 4 § 8.  Among the actions the Attorney General can take on behalf of the State are  "(1) to institute, prosecute, or intervene in any civil action or proceeding; (2) upon the written request of a district attorney, to advise and assist in the prosecution of any criminal case; and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review, (a) to institute, prosecute, or intervene in any criminal action or proceeding, or (b) to supersede any attorney representing the state in any civil or criminal action."  *Id*.

Victor does not allege any specific act by Landry outside of the authority granted to him by law.  The generalized allegation of conspiracy to violate is insufficient on its own. Victor's claims against Landry, individually, are frivolous and otherwise fail to state a plausible claim under § 1983.  His claims should be dismissed pursuant to § 1915A(b)(1) for these reasons.

### b.  State of Louisiana

Victor also seeks to assert claims against the State of Louisiana through Attorney General Landry. Generally, the State of Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it.  La. Stat. Ann. § 13:5106(A); La.

Const. art. I, § 26; *Harris v. La. Office of Juvenile Justice*, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citing *Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. *Sullivan v. Univ. of Texas Health Sci. Ctr. at Houston Dental Branch*, 217 F. App'x 391, 394 (5th Cir. 2007) (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990)). Because the State of Louisiana is immune from suit and has not waived its immunity, the claims against the State of Louisiana through Attorney General Landry in his official capacity are likewise barred by the Eleventh Amendment.

### c. Judge Dennis Waldron

Victor also named Judge Dennis Waldron as a defendant in the proceeding. Judge Dennis is the judicial official who presided over the original criminal trial which resulted in a conviction by a non-unanimous jury. Judge Waldron is named in both his individual and official capacities. The original conviction was vacated, and a retrial was ordered. After a retrial presided over by Judge Waldron, Victor was again found guilty of second degree murder by a unanimous jury verdict.

Specifically, Plaintiff alleges that Judge Waldron has violated his due process, procedural due process, and his civil rights. Rec. Doc. 11, ¶ 7. He also alleges that Judge Waldron is "biased, malfeasance, malicious prosecution, obstruction of justice, prejudice, predisposed, and unfair." Rec. Doc. 11, ¶ 7. Plaintiff claims that Judge Waldron refused to allow him to operate as a pro se litigant, dismissed Plaintiff's unidentified motion with alleged bias, and "continues to ignore various writs of Habeas Corpus." *Id*. Plaintiff also alludes to a "recusal of Judge…for double jeopardy protection" and a "denial by the Court Judge of his own Recusal contrary to establish [sic] law." Rec. Doc. 11, pg. 16.

Victor seeks monetary damages against all Defendants."  However, the damages claims against Judge Waldron in his official capacity are barred by the Eleventh Amendment and should be dismissed without prejudice.

### i.    Individual Capacity

Victor sued Judge Waldron in his individual based on the fact that he presided over Victor's criminal trials in both instances. Victor described Judge Waldron as biased and unfair because he denied Victor's request to represent himself.

A judge generally has absolute immunity from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9–10, 112 S. Ct. 286, 116 L.Ed.2d 9 (1991) (citations omitted). Judicial immunity is an immunity from suit, not just the ultimate assessment of damages. Id. at 11, 112 S. Ct. 286 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).  The nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have. Further, if judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.  *See Davis v. Tarrant Count, Tex*, 565 F.3rd 214 ( 5th Cir. 2009).  The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

There are only two circumstances under which judicial immunity may be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles,* 502 U.S. at 11, 112 S. Ct. 286 (citations omitted). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdictions." *Id*. (citations omitted). Allegations of bad faith or malice are not sufficient to overcome judicial immunity. *Id*.

It is undisputed that Victor complains about Judge Waldron presiding over his original criminal trial. He alleges that Judge Waldron was "biased, malfeasance, malicious prosecution, obstruction of justice, prejudice, predisposed and unfair." He alleges that Judge Waldron also refused to allow him to proceed pro se in his criminal trial. Victor also alludes to a "recusal of Judge Waldron" for an alleged "jeopardy protection." Each action which he complains about regarding Judge Waldron is regarding typical judicial matters for which Judge Waldron is absolutely immune.

### ii.    Official Capacity

Victor also sued Judge Waldron in his official capacity. As to any claims for damages against Judge Waldron in his official capacity, such claims are barred. A judgment against Judge Waldron in his official capacity would be satisfied out of the state treasury. La.Rev. Stat.Ann. § 13:5108.1. Therefore, any official-capacity claims against her are in reality claims against the state itself, and, therefore, are barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir.1986); see also *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."). Therefore, the official claims against Judge Waldron are frivolous and therefore subject to dismissal.

### c.  Sheriff Mike Tregre

Victor also sued Sheriff Mike Tregre, the Sheriff of St. John the Baptist in his official and individual capacity. He alleges that Sheriff Tregre violated Victor's due process, malfeasance, malicious prosecution, obstruction of justice, procedural due process, civil rights and equal

protection of the law by being plain biased prejudice, predisposed and unfair.  Rec. doc.1. He does

not set forth any additional allegations against Sheriff Tregre.

### i.        Official Capacity Claim

As to Sheriff Tregre, he could be a proper defendant in a § 1983 action, but, in the instant

case, no non-frivolous claim has been asserted against him in his official capacity.

"Official capacity suits generally represent another way of pleading an action against an

entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th

Cir. 1999). Accordingly, an official-capacity claim against Sheriff Tregre would in reality be a

claim against the local governmental body itself. However, the United States Fifth Circuit Court

of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section
> 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an
> official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy
> the cause in fact requirement, a plaintiff must allege that the custom or policy served as a
> moving force behind the constitutional violation at issue or that [his] injuries resulted from
> the execution of an official policy or custom. The description of a policy or custom and its
> relationship to the underlying constitutional violation, moreover, cannot be conclusory; it
> must contain specific facts.

*Spiller v. City of Texas City, Police Department,* 130 F.3d 162, 167 (5th Cir. 1997)

(emphasis added; citations, quotation marks, and brackets omitted). Further, "[a] plaintiff may not

infer a policy merely because harm resulted from some interaction with a governmental entity."

Colle v. Brazos County, 981 F.2d 237, 245 (5th Cir. 1993); *see also Wetzel v. Penzato*, Civ. Action

No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must identify the

policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g.,

*Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003). In the instant case, plaintiff

does not allege that his constitutional rights were violated as a result of a policy or custom, much

less identify such a policy or custom. Therefore, if he is asserting a claim against Sheriff Tregre in

his official capacity, plaintiff's allegations fall short of what is required to state a proper official-capacity claim. The official claim against Sheriff Tregre is frivolous and therefore dismissed.

## ii.        Individual Capacity Claim

Other than stating that he sued Sheriff Tregre in his individual capacity, no additional claims were made against him. He again generally alleges that Tregre violated Victor's due process, malfeasance, malicious prosecution, obstruction of justice, procedural due process, civil rights and equal protection of the law by being plain biased prejudice, predisposed and unfair.

Three's no indication that Sheriff Tregre was personally involved in either of his criminal trials which are the subject of this matter. Nor is there any claim that Sheriff Tregre is being sued because he is the sheriff. Even so, such a claim against Tregre because he is the supervisor over the jail is not actionable pursuant to §1983.

A supervisory official cannot be held liable pursuant to §1983 under any theory of respondeat superior simply because an employee or subordinate allegedly violated the plaintiff=s constitutional rights. See *Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); see also *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Moreover, a state actor may be liable under ' 1983 only if he was personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation. *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); see also *Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120 (5th Cir. 1980).

Victor has not alleged that Sheriff Tregre was in any way, personally involved in either of his criminal trials. For the foregoing reasons, the claim against Sheriff Tregre in his supervisory capacity over the St. John the Baptist Sheriff's Office is therefore frivolous. Furthermore, it otherwise fails to state a claim for which relief can be granted.

### d.    Attorney Julie Cullen- Assistant District Attorney

Victor also named Attorney Julie Cullen (inaccurately identified as "Judie Cullen") in her individual and official capacity. Cullen is an assistant district attorney in St. John the Baptist. He alleges that Cullen violated Victor's due process, malfeasance, malicious prosecution obstruction of justice, procedural due process, civil rights and equal protection of the law by being biased, prejudiced, predisposed and unfair. There are no additional allegations against Cullen.

### i.    Official Capacity Claim

As to the claims against the prosecutors in their official capacities, those claims clearly fail. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir.1999). The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

As explained above, to have an actionable claim against a local government entity, a plaintiff must allege that he was harmed by an official policy or custom of the entity and identify that policy or custom. Again, plaintiff does not even allege that the purported violations here were caused by an official policy or custom, much less identify such a policy or custom. Therefore, the claims against ADA Cullen should be Dismissed.

### ii.    Individual Capacity Claim

As to the claim against Cullen in her individual capacity, those claims are barred by their absolute prosecutorial immunity. Prosecutorial immunity protects them against claims based on his "actions in initiating the prosecution and in carrying the case through the judicial process."

*Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir.1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Buckley v. Fitzsimmons,* 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." *Rykers v. Alford*, 832 F .2d 895, 897 (5th Cir.1987) (quotation marks omitted). Therefore, Victors claim against Assistant District Attorney Judie Cullen should be dismissed.

### IV.  Recommendation

It is therefore **RECOMMENDED** that Victor's claims against Honorable Dennis Waldron, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted until such time as the conditions under *Heck v. Humphrey*, 512 U.S. 477 (1994), are met.

It is further **RECOMMENDED** that Victor's § 1983 against defendants against Attorney General Jeff Landry, Assistant District Attorney Judie Cullen, and Sheriff Mike Tregre in their individual and official capacity be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant.

It is further **RECOMMENDED** that Victor's § 1983 claims against defendant Louisiana State be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A as frivolous, for failure to state a claim for which relief can be granted

It is further **RECOMMENDED** that, in light of the foregoing recommendations, the (1) **Motion to Dismiss (R. Doc.  21)** by Judge Dennis J. Waldron ("Judge Waldron"); (2) **Motion to Dismiss (R. Doc. 27)** by Louisiana Attorney General Jeff Landry; (3) **Motion to Dismiss (R. Doc.**

**29)** by Sheriff Mike Tregre; (4) **Motion to Dismiss (R. Doc. 34)** by Louisiana State; (5) **Motion to Dismiss (R. Doc. 40)** by Julie Cullen be **DISMISSED WITHOUT PREJUDICE** as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 17th day of February, 2023.

KAREN WELLS ROBY
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.