UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERROL VICTOR, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1539** |
| **STATE OF LOUISIANA, ET AL.** | **SECTION "J"(4)** |

**ORDER AND REASONS**

Before the Court is a **Motion for Temporary Restraining Order (R. Doc. 47)** against the Louisiana Department of Corrections filed by Plaintiff Errol Victor Sr. ("Victor"). However, upon review, the Court construes this motion as a Motion to Add Louisiana Department of Corrections. In the instant motion, Victor seeks to add a claim for the "right to be left alone" by Louisiana Department of Corrections.

**I.      Factual and Procedural Background**

On May 18, 2022, Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendants, Assistant District Attorney Judie E. Cullen, Attorney General Jeff Landry, and Sheriff Mike Tregre, related to his prior conviction for second degree murder. Rec. Doc. 1.  He later added the Honorable Dennis J. Waldron who presided ad hoc, over Plaintiff's ongoing state court criminal matter ("Underlying Suit"). *Id.*

According to the complaint, on August 1, 2014,  Victor was found guilty of second degree murder by a non-unanimous jury.  Rec. Doc. 1. The United States Supreme Court subsequently vacated Plaintiff's sentence in light of the non-unanimous jury verdict. *Id.* Consequently, the Louisiana Fifth Circuit Court of Appeal ordered a new trial.

 Following his new trial, a unanimous jury found Plaintiff guilty of second-degree murder. *Id.* Victor alleges that his constitutional rights of due process and have been violated and further

that he has been denied equal protection under the law to have a verdict rendered by a unanimous jury. *Id.* He further alleges a violation of the 4th, 5th, and 6th Amendments because he is allegedly held hostage under color of law. He complains that he has sued the defendants in their official and individual capacity.

Although Victor complains about the original non-unanimous jury verdict which resulted his conviction, he has been retried by and convicted by a unanimous jury of murder. Victor generally alleges that the defendant(s) have "created a scheme and conspiracy to take Plaintiff's life, liberty, and pursuit of happiness, plaintiff's property and have taken plaintiff's business with an economic life projected at more or equal to five hundred (500) million dollars without due process, procedural process, or equal protection of the law." *Id.* He also seeks to generally assert a claim on behalf of the other African American men. *See* Complaint ¶ 6-1, *Id.*

**II.     Standards of Review**

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir.2000) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.,* 195 F.3d 765, 770 (5th Cir.1999); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir.1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed.R.Civ.P. 15(a)(2), but such leave "is by no means automatic." *Esteen v. LeBlanc,* 2014 WL 5461395 (E.D. A. L.A. 2014) Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

...

amendments previously allowed undue prejudice to the opposing party, and futility of amendment." *Id.*

When denying a motion to amend, the court must have a "substantial reason" considering such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously  allowed undue prejudice to the opposing party…and futility of the amendment.' *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n,* 751 F.3d 368, 378 (5th Cir. 2014) .

An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion.  ( citing  *Briggs v. Miss.,*  331 F.3d 499, 508 (5th Cir. 2002))).  " it is well-established of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly: '*To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Engergy Ventures Mgmt., L.L.C. v. United Engergy Grp.,*  818 F.3d 193, 200 (5th Cir. 2016).  As such the Court must accept all well-plead facts as true and view them in the light most favorable to the non-moving party.  *Martin K Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004) ( internal quotation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Where viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment. *Jaso v. The Coca Cola Co.,*  435 F. App'x 346, 353-54 & n.6 (5th Cir. 2011)

**III.**     <u>**Analysis**</u>

Victor makes clear in his original and amended complaints that he is seeking monetary compensation and other relief for defendants' alleged violations of his constitutional rights as a

result of his state murder conviction. He is seeking to challenge the non-unanimous verdict. However, since his original conviction was vacated, Victor was retried before a jury and convicted by a unanimous jury. *See* Complaint Rec. Doc. 11.

Victors seeks to add claims against several parties namely, against the Louisiana Department of Corrections. He seeks an order preventing the Department of Corrections from imprisoning him as a result of the allegedly illegal second trial verdict.

Victor's purported claim against the Louisiana Department of Corrections would challenge the propriety of and his continued incarceration arising from his state criminal conviction, because he was originally convicted by a non-unanimous jury. When a plaintiff asserts civil rights claims under either § 1983, the Court must consider the Supreme Court's doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), and its progeny, which would bar review of such claims under most circumstances.

Pursuant to *Heck*, a § 1983 plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that "violation arose from the same facts attendant to the charge for which he was convicted, unless he proves 'that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (applying *Heck* to § 1983 claims) (quoting *Heck*, 512 U.S. at 486-87).

The Supreme Court has clarified that dismissal under *Heck* also applies "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-

82 (2005) (emphasis in original). Therefore, *Heck* applies to bar a prisoner's claims, whether he seeks monetary, injunctive, or declaratory relief. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending *Heck* to bar a prisoner's claim for money damages and declaratory relief challenging disciplinary hearing procedures); *VanBuren v. Walker*, 841 F. App'x 715, 716 (5th Cir. 2021) (recognizing *Heck* bar to "any injunctive relief" tied to habeas claim brought under § 1983); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Edwards*, 520 U.S. at 641).

Victor's proposed claim against the Louisiana Department of Corrections would imply the invalidity of the current conviction as well and therefore is frivolous.

Even if Victor could get past the *Heck* bar, the claim as the Department of Corrections is frivolous because the department enjoys Eleventh Amendment immunity from liability in an inmate's §1983 action. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974).

Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for deprivation of civil rights under color of state law. See, *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, supra. Thus, absent consent by the state or congressional action, a state is immune from a suit for damages. Louisiana has not waived her sovereign immunity under the Eleventh Amendment and is immune from suit in this action. The shield of immunity extends to the Louisiana Department of Public Safety and Corrections as an agency of the state and to the institutions it maintains. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312 (5th Cir.1999); *Anderson v. Phelps*, 655 F. Supp. 560

(M.D.La.1985). Therefore, Victor's purported claim against the Louisiana Department of Corrections is frivolous and denied.

## IV. Conclusion

Accordingly,

**IT IS THEREFORE ORDERED** that **a Motion for Temporary Restraining Order (R. Doc. 47) is DENIED.**

New Orleans, Louisiana, this 17th day of February 2023.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**